UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20776-CIV-HOEVELER

**TAVERNA OPA TRADEMARK CORP.,**
a Florida corporation,

    Plaintiff,

v.

**AISHA ISMAIL,**
an individual,

    Defendant.
_____/

## ORDER DENYING FINAL DEFAULT JUDGMENT

BEFORE the Court is Taverna Opa Trademark Corp.'s supplemental brief and accompanying affidavit explaining its attempt to comply with Florida's substitute service statute. Although it appears the plaintiff made a reasonable effort to locate and personally serve the defendant before serving the complaint on the Florida Secretary of State, the Court nevertheless concludes that substitute service was not proper.

I.

Florida's substitute service statutes provide an exception to the general rule that a defendant must be personally served. As such, they must be strictly construed to protect due process guarantees. See Monaco v. Nealon, 810 So.2d 1084, 1085 (Fla. 4th DCA 2002). Section 48.181 of Florida Statutes allows a plaintiff to

serve the Florida Secretary of State on behalf of the defendant in limited circumstances. To perfect substitute service under § 48.181, the plaintiff must allege in the complaint the jurisdictional basis for invoking the statute. Mecca Multimedia, Inc. v. Kurzbard, 954 So.2d 1179, 1182 (Fla. 3rd DCA 2007); Leviten v. Gaunt, 347 So.2d 452, 453 (Fla. 3rd DCA 1977). The jurisdictional requirements of § 48.181 are that the defendant conducts business in Florida and is either: (1) a nonresident, (2) a resident of Florida who subsequently became a nonresident, or (3) a resident of Florida concealing her whereabouts. See § 48.181; Alvarado v. Cisneros, 919 So.2d 585, 589 (Fla. 3rd DCA 2006). Including the foundational allegations in the complaint is a prerequisite to seeking the benefit of substitute service. See Mecca Multimedia, Inc., 954 So.2d at 1182 (substitute service improper because complaint did not allege facts showing defendant was concealing its whereabouts); Alhussain v. Sylvia, 712 So.2d 806, 807 (Fla. 4th DCA 1998) (substitute service improper where complaint alleged defendant was a Florida resident but "failed to allege, nor was it amended to allege, that [defendant] had become a nonresident or was concealing his whereabouts.")

II.

The pleadings in this case are insufficient. Taverna Opa alleges only that the defendant "is an individual who upon information and belief resides or conducts business in the State of

2

Florida," making no reference to her concealing whereabouts. Because the complaint lacks the necessary jurisdictional allegations, substitute service was not proper. Unfortunately, this deficiency cannot be cured by the subsequently filed affidavit, demonstrating the plaintiff's efforts to locate the defendant. See, e.g., Alvarado, 919 So.2d at 589. The Court need not consider the plaintiff's argument, based on the holding of Steedman v. Polero, 181 So.2d 202 (Fla. 3rd DCA 1966), that it complied with the procedural aspects of § 48.161. Accordingly,

**IT IS ORDERED:**

1. The plaintiff's motion for default judgment is DENIED; and
2. The plaintiff is given 20 days to file a motion for leave to amend the complaint.

**DONE AND ORDERED** in chambers, Miami, Florida, April 29, 2009.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

3