UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-20776-CIV-HOEVELER

**TAVERNA OPA TRADEMARK CORP.,**
a Florida corporation,

    Plaintiff,

v.

**AISHA ISMAIL,**
an individual,

    Defendant.

## ORDER ON MOTION FOR FINAL DEFAULT JUDGMENT

BEFORE the Court is the plaintiff's motion for final default judgment. The Court has reviewed the record, pleadings, and applicable law. For the reasons that follow, the motion for default judgment is GRANTED in part and DENIED in part.

### Background

This case involves the defendant's use and registration of a domain name containing the plaintiff's trademark. The plaintiff, Taverna Opa Trademark, Corp. (Taverna Opa), is a Florida restaurant chain known for its Greek cuisine and tabletop Mediterranean-style dancing. The plaintiff has operated restaurants under the name "Taverna Opa" since 1998 and registered "Taverna Opa" with the United States Patent and Trademark Office in 2002 for use in

connection with restaurant services featuring Greek food and entertainment. Taverna Opa also owns the domain name, "www.tavernaoparestaurant.com" which it registered in 2002. According to the complaint, the defendant Aisha Ismail worked as a belly dancer at a Taverna Opa restaurant until to 2001, when she left the company and registered the domain name "www.tavernaopa.com." Ms. Ismail later posted advertisements for a competing Greek restaurant named Milos on her www.tavernaopa.com website. Consequently, the plaintiff filed this one-count complaint on March 25, 2008, alleging the defendant's use of the Taverna Opa trademark in the domain name violates federal cybersquatting law. The defendant was properly served under Florida's substitute service statute, Section 48.181 of the Florida Statutes, and did not respond to the complaint.

## I. Default judgment standard

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. Although a defendant's default does not in itself warrant the Court entering a default judgment, in defaulting the defendant admits the plaintiff's well-pleaded allegations of fact. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). Granting a motion for default judgment is within the trial court's discretion. See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th

Cir. 1975). Thus, the Court must determine whether there is a sufficient basis in the pleadings for the judgment to be entered. See Buchanan v. Bowman, 820 F.2d at 361 ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default. . . .").

## II. Liability

Taverna Opa seeks a default judgment on its claim that the defendant violated federal anti-cybersquatting law. In support of the following analysis, the Court is satisfied the plaintiff owns the trademark "Taverna Opa" for use in connection with Greek dining and entertainment, and that the trademark is famous for this purpose in the South Florida area. The Court further finds that Ms. Ismail used Taverna Opa's mark as her internet domain name without Taverna Opa's consent, and that her use was likely to cause confusion among the general public.

The Anticybersquatting Consumer Protection Act (ACPA) defines cybersquatting as the (1) registration, use, or trafficking in, a domain name (2) that is identical or confusingly similar to a distinctive or famous trademark, (3) with a bad-faith intent to profit from the mark. See 15 U.S.C. § 1125(d); Transamerica Corporation v. Moniker Online Services, LLC, 2010 WL 1416979, at *2 (S.D. Fla. 2010). The plaintiff has met these elements, establishing through the defendant's default that its mark is distinctive, that the infringing domain name is confusingly

3

similar, and that the defendant (a former employee of the plaintiff) registered the domain name with the bad-faith intent to profit from it. With respect to determining the defendant's bad faith, courts consider nine factors:

> (1) the trademark or other intellectual property rights of the defendant, if any, in the domain names;
> (2) the extent to which the domain names consist of the legal name or commonly used names of the defendant;
> (3) the defendant's prior use of the domain names for the bona fide offering of goods or services;
> (4) any bona fide noncommercial or fair use of the mark under the domain names;
> (5) the defendant's intent to divert consumers from the plaintiff's websites to the defendant's websites by creating a likelihood of confusion;
> (6) the defendant's offer to transfer, sell, or otherwise assign the domain names to the plaintiff or others for financial gain;
> (7) the defendant's provision of material and misleading false contact information when registering the domain names and its intentional failure to maintain accurate contact information;
> (8) the defendant's registration or acquisition of multiple domain names that they know are identical or confusingly similar to marks of others; and
> (9) the extent to which the plaintiff's marks are or are not distinctive and famous.

See 15 U.S.C. § 1125(d)(1)(B)(i)(I)-(IX). The bad-intent factors weigh in favor of Taverna Opa and against the defendant. In particular, the Court notes the admitted factual allegations that the defendant concealed her name in connection with the registration of the infringing mark, offered to sell the domain name to the plaintiff for $25,000, and advertised for a competing Greek restaurant on the infringing website. Taverna Opa has alleged a sufficient basis for the Court to find that Ms. Ismail is liable

for cybersquatting.

### III. Damages

Taverna Opa seeks statutory damages, injunctive relief, and attorney's fees. "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." Miller v. Paradise of Port Rickey, Inc., 75 F. Supp.2d 1342, 1346 (M.D. Fla. 1999). While Federal Rule of Civil Procedure 55(b)(2)(b) permits the Court to conduct hearings on a default judgment, an evidentiary hearing is not necessary if the plaintiff submits sufficient evidence to support the request for damages. See S.E.C. v. Smyth, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005).

A.  Statutory damages

The Lanham Act permits statutory damages for cybersquatting in lieu of actual damages. See 15 U.S.C. §§ 1117(d), 1125(d)(1). Statutory damages range from "not less than $1,000 and not more than $100,000 per domain name, as the court considers just." 15 U.S.C. § 1117(d); Victoria's Cyber Secret Limited Partnership v. V Secret Catalogue, Inc., 161 F. Supp.2d 1339, 1356 (S.D. Fla. 2001). Taverna Opa seeks $100,000, which is the maximum amount available, and submits that this amount is justified because of the duration of the infringement, the defendant's bad faith, and the level of harm and confusion caused. The Court notes, however, that

5

infringing website has apparently been discontinued for sometime and that in previously seeking default judgment in this case (which was denied due to a defect in the service of process) the plaintiff requested a statutory award of $10,000. The Court concludes that this lesser amount is much more realistic and consistent with the nature of the infringement. Because Ms. Ismail has engaged in cybersquatting on a single domain name, the Court finds an award of $10,000 in statutory damages to be appropriate.

B.   Injunctive relief

Taverna Opa also seeks injunctive relief under § 1125(c) of the ACPA, which provides that, "[i]n any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(c). A plaintiff who seeks a permanent injunction must show (1) it has suffered irreparable injury; (2) remedies at law are inadequate to compensate for that injury; (3) a remedy in equity is warranted in light of balancing the hardships between the plaintiff and defendant; and (4) the public interest would not be disserved by a permanent injunction. See eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 390 (2006). The Court agrees with Taverna Opa's allegations it has suffered irreparable injury to its service marks by the cybersquatting activities of Ms. Ismail. Because monetary damages are unlikely to deter the

defendant, who has failed to respond to this suit and allegedly still maintains an email address that includes the Taverna Opa name, remedies at law are unlikely to compensate Taverna Opa for its injury. Moreover, if the defendant is not prohibited from using the Taverna Opa mark, the public will likely continue to be deceived by her conduct. Hardship to Taverna Opa in the form of continued dilution to its mark and lost commerce will likely persist. Finally, the harm to Ms. Ismail as a result of an injunction is only that she will be precluded from profiting from future infringement. Thus, the balance of the hardship between the parties favors the issuance of an injunction. In sum, the plaintiff has demonstrated the factors necessary for a permanent injunction and, therefore, the Court grants the injunctive relief sought.[1]

C.  Attorney's fees and costs

Taverna Opa also seeks attorney's fees and costs. Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Generally, courts award fees and costs upon evidence of "malicious, fraudulent, deliberate, or willful" conduct by the infringing party. Burger King Corp. v. Pilgrim's Pride Corp., 15 F.3d 166, 168

---

[1] The plaintiff also asserts that the defendant has registered an email address through www.hotmail.com that includes the Taverna Opa trademark and seeks a Court order transferring the email address to the plaintiff. Section 1125(c) governs transfer of infringing domain names, only; not email addresses. The plaintiff has not explained the Court's authority to order the transfer of an email address and, therefore, this relief must be denied.

(11th Cir. 1994) (internal quotation marks omitted). "[T]he correct standard in the Eleventh Circuit is fraud or bad faith." Lipscher v. LRP Publ'ns, Inc., 266 F.3d 1305, 1320 (11th Cir. 2001). Ultimately, "the decision to grant attorney fees remains within the discretion of the trial court." Burger King Corp., 15 F.3d at 168. However, the court must articulate the basis for awarding fees. See Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1205 (11th Cir. 2001). The Court is satisfied that the deliberate and willful conduct by Ms. Ismail, her concealing her whereabouts, and her failure to defend this lawsuit substantiates Taverna Opa's claim for reasonable attorney's fees and costs under 15 U.S.C. § 1117(a). However, the plaintiff has not provided affidavits or other information about the amount of its reasonable attorney fee. The plaintiff must submit this information within 20 days, including detailed billing sheets.[2] Accordingly, it is hereby,

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff, Taverna Opa's motion for default final judgment is GRANTED in part and DENIED in part.
2. Taverna Opa is granted final judgment by default against defendant Aisha Ismail on Count I of the Amended Complaint for

---

[2] The Court notes, however, that attorney's fees incurred as a result of the plaintiff's initial failure to perfect substitute service in accordance with the requirements of Florida law (e.g., preparing multiple motions for default judgment and an amended complaint) were avoidable and will not be deemed reasonable.

      violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

3. The defendant Aisha Ismail, and her licensees, agents, servants, employees, attorneys, representatives, assignees, successors, alter egos, aliases, and all other persons acting in concert with Aisha Ismail collectively or individually, be, and hereby are permanently enjoined, from:

   a. registering or using as a trade name, trademark, service mark, Internet domain name, or portion thereof, any name or term that incorporates, imitates, or is confusingly similar to the plaintiff's "Taverna Opa" trademark;

   b. purchasing, selling, or using any form of advertising including keywords or Adwards in Internet advertising containing any mark that incorporates, initiates, or is confusingly similar to the plaintiff's "Taverna Opa" trademark;

   c. infringing plaintiff's "Taverna Opa" trademark, including all written and spoken terms equivalent or confusingly similar thereto;

   d. using "Taverna Opa" or any name or mark that incorporates, imitates, or is reminiscent of or confusingly similar thereto, for any product or service, or in any letterhead, sign, website, advertising or promotion, e-mail or other sales solicitation or business

       listing, either in print, broadcast, electronic or other form, either separately or compositely with other words; and

    e. making representations, directly or indirectly, to anyone, anywhere, by any means, including but not limited to unauthorized co-branding, that this defendant is related to, associated or affiliated with, or sponsored, endorsed or approved by plaintiff.

4. As provided by 15 U.S.C. § 1125(d)(1)(C), the defendant shall effect transfer the domain name "www.tavernaopa.com" to the plaintiff within 30 days of this order.

5. Taverna Opa is awarded statutory damages of $10,000.00, pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). This judgment shall accrue interest at the legal rate, pursuant to 28 U.S.C. § 1961.

6. Taverna Opa is entitled to reasonable costs and attorney's fees under 15 U.S.C. § 1117(a). The plaintiff is directed to submit evidence supporting its request for costs and fees within 20 days.

For which let execution issue without delay.

    **DONE AND ORDERED** in Miami, Florida, May 6, 2010.

                                 */s/ Wm M Hoeveler*

                                WILLIAM M. HOEVELER
                                SENIOR UNITED STATES DISTRICT JUDGE